IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROY LEE WEATHERED,

    **Plaintiff,**

v.                               3:10-CV-781-B-BK

DALLAS COUNTY, et al.,

    **Defendants.**

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Court's *Order of Referral* (Doc. 17), this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendations on the Defendant City of Dallas's and Defendant Dallas County's motions to dismiss. (Docs. 5, 11). The findings, conclusions and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

In April 2010, Plaintiff filed this counseled complaint against Dallas County, the City of Dallas, and City of Dallas police officers Jeffrey Kennard and Jorge Tinajero, pursuant to 42 U.S.C. § 1983, contending that Defendants had violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.[1] (Doc. 1 at 1-2, 4). Plaintiff alleges that on April 18, 2008, Officers Kennard and Tinajero arrested him for public intoxication without probable cause,

---

[1] Although Plaintiff initially pled a cause of action under 42 U.S.C. § 1981 as well, he has withdrawn that claim. (Doc. 15 at 5).

used excessive force during and after the arrest, and transported him to the City of Dallas Detoxification Center. (*Id.* at 5-6, 9). Once at the City Detoxification Center, Officer Kennard allegedly slammed Plaintiff's head into a counter, shelf, and wall, and Officer Tinajero pulled on Plaintiff's handcuffed wrists, all of which caused him severe injury. (*Id.* at 6-7, 9). Plaintiff also alleges that Dallas County and the City of Dallas utilized excessive force in arresting and incarcerating him, although he does not explain this contention further, merely claiming that such actions violated the Fourth, Fifth, Eighth, and Fourteenth Amendments. (*Id.* at 15-16).

At some point, Plaintiff apparently was moved to the Dallas County Detention Facility where he alleges that he informed Officers Kennard and Tinajero that he had a heart problem and needed medication, but the Officers refused to assist him or tell his jailers at the Detention Facility about his condition, thereby preventing him from receiving medical treatment. (*Id.* at 7, 9). Plaintiff claims that neither Defendant administered medical treatment to him for the injuries he sustained during his arrest or incarceration at the City Detoxification Center or the County Detention Facility. (*Id.* at 8, 10-12). He contends that on information and belief, Defendants have a policy and practice of denying medical attention to inmates at the City Detoxification Center and the County Detention Facility, and Defendants have a custom and policy of not adequately attending to inmates' injuries and of covering up the failure to treat injured inmates, which led to the violation of Plaintiff's constitutional rights. (*Id.* at 13-15, 17-18). Plaintiff further alleges that Dallas County and the City of Dallas refused to adequately train and supervise their employees who made arrests or administered the municipal facilities, so as to prevent the violation of his constitutional rights, and, thus, were the moving force behind the conduct that caused his injuries. (*Id.* at 18-20). Plaintiff also alleges that the City of Dallas and Dallas

County acted unconstitutionally and were negligent in the hiring, training, and supervision of their employees. (*Id.* at 23).

Defendant City of Dallas has moved to dismiss Plaintiff's complaint pursuant to FED.R.CIV.P. 12(b)(6), arguing that Plaintiff's complaint fails to plead facts necessary to state a municipal liability claim under section 1983. (Doc. 5 at 1). Specifically, City of Dallas maintains that Plaintiff's well-pleaded allegations do not permit the Court to draw a reasonable inference that it is liable for Officer Kennard's and Tinajero's denial of medical care because Plaintiff's allegations against the City of Dallas are conclusory as to its purported customs and policies, devoid of factual detail, and impermissibly rely on *respondeat superior*. (*Id.* at 1, 4-9). Additionally, the City of Dallas contends that Plaintiff has not alleged any facts that would permit the conclusion that its purported custom/policy was the moving force behind its officers' misconduct or that there was deliberate indifference on the part of the City of Dallas's final policymaker. (*Id.* at 8-9). Finally, the City of Dallas states that neither the Fifth Amendment nor the Eighth Amendment applies to this case, and Plaintiff's Fourteenth Amendment excessive force claim fails because the Fourth Amendment is the textual source of constitutional protection from pretrial use of excessive force.[2] (*Id.* at 10-11).

Plaintiff responds that his complaint is sufficiently detailed as to his excessive force allegations against Officers Kennard and Tinajero, and these allegations also demonstrate the City of Dallas's involvement.[3] (Doc. 13 at 2-5). He also maintains that he sufficiently pled facts

---

[2] The City of Dallas does not move for dismissal of Plaintiff's Fourth Amendment excessive force claim.

[3] Plaintiff appears to believe that Officers Kennard and Tinajero are seeking dismissal of the case against them. However, Officers Kennard and Tinajero clearly have not sought

3

showing that he is entitled to relief from the City of Dallas because he alleged that the City did not administer medical care to him while he was incarcerated at the City Detoxification Center. (*Id.* at 5-6). Alternatively, Plaintiff requests that the Court allow him to amend his complaint. (*Id.* at 7-8).

Defendant Dallas County also moves to dismiss Plaintiff's complaint under Rule 12(b)(6), arguing that his complaint consists entirely of legal conclusions that merely parrot the elements of his claims, but does not contain any facts as to Dallas County's involvement in the events at issue. (Doc. 11 at 3-4). Further, Dallas County maintains that Plaintiff cannot establish municipal liability because he has not alleged any unconstitutional conduct by a County employee that is directly attributable to the County based on its policy. (*Id.* at 5-6). Dallas County urges the Court that Plaintiff's claim for denial of medical care under the Fourteenth Amendment fails because he provides no factual detail for his claim such as the extent of his condition, whether Dallas County employees were actually aware of such, whether and from whom he requested medical treatment, who denied such treatment, and how Dallas County had an official policy of denying medical care. (*Id.* at 8-9). As to any portion of the complaint that the Court does not dismiss, Dallas County requests a more definite statement pursuant to FED.R.CIV.P. 7(a)(7). (*Id.* at 9).

Plaintiff argues in opposition that his factual recitation is sufficient insofar as he claims that he was incarcerated in the County Detention Facility where he was refused medical care.

---

dismissal, and the case against them will be discussed no further except as relevant to the City's *Motion to Dismiss*. Further, Plaintiff did not oppose (1) either Defendants' requests to dismiss his Fifth and Eighth Amendment claims or (2) Dallas County's motion to dismiss his Fourth Amendment excessive force claim. Thus, these claims are abandoned and will not be discussed further. *Black v. North Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

(Doc. 15 at 3-5). Alternatively, Plaintiff requests permission to amend his complaint to state more facts. (*Id.* at 7). In its reply brief, Dallas County avers that an amended complaint should not be permitted because Plaintiff (1) does not allege what facts he would include in his amended complaint, and he already has pleaded his best case and (2) has failed to comply with N.D. Tex. Local Rule 15.1 by attaching the proposed amended complaint to his motion as an exhibit. (Doc. 16 at 3-4).

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). The standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint, therefore, is not sufficient if it merely contains "naked assertions"

devoid of factual enhancement. *Id.* The tenet that a court must accept as true all allegations contained in a complaint when ruling on a Rule 12(b)(6) motion is inapplicable to legal conclusions. *Id.*

### III. DISCUSSION

Plaintiff has alleged that Defendants (1) had a custom and policy that enabled the constitutional violations relating to the denial of medical care and (2) are also liable for those violations based on their failure to train and supervise their employees adequately. Each theory of municipal liability will be discussed in turn.

**A. Policy or Custom**

Municipalities and other local government entities are "persons" within the scope of section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To impose section 1983 liability on a municipality, a plaintiff must show that: (1) his constitutional rights were violated; (2) the municipality had a custom or policy; and (3) the custom or policy was the moving force behind the violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The unconstitutional acts complained of must be attributable directly to the municipal entity through some sort of official action or imprimatur. *Id.* A county does not incur section 1983 liability for injuries caused solely by its employees and cannot be held liable under section 1983 on a *respondeat superior* theory. *Monell,* 436 U.S. at 691, 694.

The identification of a policy "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those

officials whose acts may fairly be said to be those of the municipality." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997) (citations omitted). If an act is performed pursuant to a custom that has not formally been approved by a policymaker, a municipality is subject to section 1983 liability if the custom is so widespread as to have the force of law. *Id.* at 404. Further, "[e]ach and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional." *Piotrowski*, 237 F.3d at 579-80. An isolated unconstitutional act by a city employee can almost never trigger section 1983 liability. *Id.* at 578.

Plaintiff's complaint provides factual detail only about the denial of medical treatment by Officers Kennard and Tinajero as well as unnamed jailers, and he then attempts to attribute these actions to the City and County. (Doc. 1 at 8-12). Such theory of *respondeat superior* is insufficient to sustain section 1983 liability, however. *Monell,* 436 U.S. at 691, 694. In an attempt to allege a City of Dallas or Dallas County custom or policy, Plaintiff only states that upon his "best information and belief," these Defendants have policies and a "well established custom" that permit the unreasonable denial of medical care and the covering up of the denial of such care, which resulted in the constitutional violations he suffered. (Doc. 1 at 13-17). Plaintiff, however, pleads no facts to make it plausible that the City of Dallas or Dallas County had a practice or well established custom of unreasonably denying medical attention to injured arrestees or covering up such denials. *Piotrowski*, 237 F.3d at 578. In fact, Plaintiff has alleged only isolated acts by Officers Kennard and Tinajero, which cannot confer liability on the City of Dallas or Dallas County. *Id.* With regard to his specific claims against the City of Dallas, Plaintiff alleges that the City did not administer medical care to him, but he fails to explain (1)

7

from whom he requested medical care; (2) who denied him care; (3) the nature of his injuries, including whether they would have been obvious; and (4) aside from Officers Kennard and Tinajero, whom he informed he had a heart condition.

Plaintiff's claims against Dallas County based on the acts that took place at the County's Detention Center suffer from similar infirmities because he does not allege sufficient factual underpinnings to support his claim. (Doc. 1 at 18-21). For example, Plaintiff does not explain (1) the extent of his alleged injuries at the time he was moved to the County's Detention Center; (2) the extent of his heart condition; (3) whether and from whom Plaintiff requested medical care or heart medication while confined in the County Detention Center; and (4) whether and by whom his requests for medical care from Dallas County employees were denied. Instead, Plaintiff merely offers boilerplate legal conclusions against the City of Dallas and Dallas County that do not merit an assumption of truth. *Iqbal*, 129 S.Ct. at 1949; *Piotrowski*, 237 F.3d at 579-80.

Further, Plaintiff does not specify the offending city or county policies or customs or who the requisite policymakers are, which is in violation of the Fifth Circuit's requirements. *Piotrowski*, 237 F.3d at 579-80. Plaintiff simply makes naked assertions that such a custom and policy exist, however, that is insufficient to survive a Rule 12(b)(6) dismissal. *Iqbal*, 129 S. Ct. 1937, 1949. Finally, Plaintiff pleads no facts that would permit the Court to conclude that the unidentified custom or policy was the "moving force" behind, and the actual cause of, the alleged constitutional violations. *Piotrowski*, 237 F.3d at 578; *cf.* (Doc. 1 at 19-20). Accordingly, Plaintiff's complaint for the denial of medical care fails to state a cause of action against Dallas County and the City of Dallas based on the custom/policy theory of municipal liability.

### B. Failure to Train and Supervise

Plaintiff also alleges that Defendants City of Dallas and Dallas County are liable under section 1983 because they failed to adequately train and supervise their employees, which led to the violation of his constitutional rights. (Doc. 1 at 18-21, 23). Municipal liability may be based on a claim of inadequate training only where a municipality's failure to train its employees in a relevant respect evidences such a "deliberate indifference" to the rights of its inhabitants that the failure to train properly can be thought of as the municipal body's policy or custom. *City of Canton*, 489 U.S. at 388-89. The limited circumstances where municipal liability may exist occur only where the municipality inadequately trains or supervises its employees, this failure is a city policy, and the lack of training causes the employees to violate a citizen's constitutional rights. *Id.* at 389-91. The inadequacy of police training "may serve as the basis for [section] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388.

In this case, Plaintiff has made only conclusory statements that Defendants failed to adequately train their employees. He provides no factual specificity whatsoever, and the Court cannot "accept as true [his] conclusory allegations or unwarranted deductions of fact." *Collins,* 224 F.3d at 498. His complaint as to negligent training and supervision merely consists of "naked assertions" that Defendants harmed him. This, however, is a legal conclusion that the Court cannot accept as true. *Iqbal*, 129 S.Ct. at 1949. Accordingly, Plaintiff's claims that Defendants failed to adequately train and supervise their employees cannot support the imposition of municipal liability against them.

C.  **Plaintiff's Request for Leave to Amend Complaint**

While Dallas County correctly points out that Plaintiff does not allege what facts he would include in his amended complaint and has failed to comply with N.D. Tex. Local Rule 15.1 by attaching the proposed amended complaint to his motion, the Court nevertheless is inclined to permit a single amendment to the complaint in the interest of justice. (Doc. 16 at 3-4); FED.R.CIV.P. 15(a) (providing that the court should freely give leave to amend when justice so requires).

Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). However, if a plaintiff has had a full and fair opportunity to make his best case and a cause of action has not been established, the court should dismiss the complaint with prejudice even if the plaintiff has not had an opportunity to amend. *Jacquez*, 801 F.2d at 792-93; *see also Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) (upholding the dismissal of a section 1983 action where the complaint constituted the plaintiffs' best case based on the plaintiff having three years to conduct discovery before filing an amended complaint that alleged specific facts).

In *Jacquez*, the Fifth Circuit held that the district court should have dismissed the plaintiff's complaint and was not required to grant leave to amend because (1) the plaintiff was

represented by counsel; (2) counsel had notice of the pleading requirements under section 1983, both because of case law and due to the arguments in the defendant's motion to dismiss; (3) the plaintiff had alleged only legal conclusions and "technical buzz words" in an attempt to establish the defendants' liability and did not elaborate any facts that would support the plaintiff's claims that the defendants intentionally deprived the plaintiff of any rights; (4) the plaintiff had repeatedly declared the adequacy of his complaint in a lengthy response to the defendants' motion to dismiss; and (5) allowing an amended complaint would only "prolong the inevitable" and expose the defendants to the hardships the qualified immunity doctrine was supposed to avoid. *Jacquez*, 801 F.2d at 791-93. Similarly, in *Brown*, no amendment to the already amended complaint was required for the plaintiff to attempt to re-plead his procedural due process claim where the facts alleged by the plaintiff could not, as a matter of law, support a due process claim because the plaintiff had received all of the process to which he was due. *Brown*, 804 F.2d at 335. However, the *Brown* court did allow the plaintiff to re-plead his substantive due process and First Amendment claims because the record contained facts which strongly intimated that he could plead cognizable causes of action. *Id.* at 336-37.

Plaintiff claims that the City of Dallas and Dallas County deprived him of medical care under the Fourteenth Amendment. Deliberate indifference provides the applicable standard for measuring the duty owed by jailers to persons in their custody who claim a violation of their Fourteenth Amendment rights due to the denial of medical care. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648-49 (5th Cir. 1996). Giving Plaintiff's claims the most sympathetic reading possible, he arguably has elucidated facts that would show that Officers Kennard and Tinajero acted with deliberate indifference to his medical needs when they deprived him of

medical treatment for his injuries and his heart condition. *Id.* Despite Plaintiff's obvious failures in this regard in his complaint, it is also within the realm of possibility that Plaintiff could come forth with sufficient facts in an amended complaint to support a claim that Dallas County and/or the City of Dallas had a custom and/or policy or failed to train their officers to prevent such constitutional violations as required to establish possible municipal liability. *See, e.g., City of Canton*, 489 U.S. at 388-89; *Monell*, 436 U.S. at 690. Thus, Plaintiff should be given one opportunity to amend his complaint to re-plead his Fourteenth Amendment denial-of-medical-care claim as to both the City of Dallas and Dallas County.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the motions to dismiss (Docs. 5 and 11) be **GRANTED**. Plaintiff, however, should be given should be given one final opportunity to amend his complaint to re-plead his Fourteenth Amendment deprivation-of-medical-care claims against the City of Dallas and Dallas County. If he fails to do so, those claims should be dismissed as well.

SIGNED on November 3, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE