UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY LEE WEATHERED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-0781-B |
| DALLAS COUNTY, THE CITY OF DALLAS, JEFFREY KENNARD, AND JORGE TINAJERO, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Jeffrey Kennard and Jorge Tinajero's Rule 12(c) Motion for Judgment on the Pleadings (doc. 22), filed February 24, 2011. For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED in part and HELD IN ABEYANCE in part**.

I.

BACKGROUND

This action arises out of Plaintiff Roy Lee Weathered's arrest by Dallas police officers Jeffrey Kennard and Jorge Tinajero. (*See generally* Pl.'s Compl.). Weathered alleges that Officers Kennard and Tinajero used excessive force during his arrest, booking, and interrogation. (*Id.* at ¶ 1). In particular, Weathered claims that Officers Kennard and Tinajero "placed and clamped down their handcuffs upon [his] wrists" in a manner that caused damage to, and now limited use of, his wrists and hands. (*Id.* at ¶ 15). Weathered further alleges that after the officers took him to the Dallas

Detoxification Center, they slammed his head into a counter, a hanging shelf, and a wall and lifted him by the tightened handcuffs, causing further injury. (*Id.* at ¶ 19). Finally, Weathered claims that he told the officers he had a a heart condition for which he needed medication and that the officers failed to reveal this information to his jailers at the Dallas county Detention Facility. (*Id.* at ¶ 21-23).

Weathered commenced the instant action on April 16, 2010, bringing claims for compensatory and punitive damages against Dallas County, the City of Dallas, and Officers Kennard and Tinajero. (*See* Pl.'s Compl. ¶¶ 52-89). In a previous Order, the Court accepted the Magistrate Judge's Findings, Conclusions, and Recommendation on Defendants City of Dallas and Dallas County's Motions to Dismiss, dismissing Weathered's claims against those parties but giving him one final opportunity to replead his Fourteenth Amendment deprivation-of-medical-care claims (doc. 18, 19). Weathered has failed to so amend his Complaint since that Order was entered on November 23, 2010. While the Court does not know why Weathered has chosen not to file an Amended Complaint, he nevertheless has failed to do so and accordingly has no remaining claims against Defendants City of Dallas or Dallas County.

At issue in the Motion currently before the Court are Weathered's claims against Officers Kennard and Tinajero. Weathered seeks compensatory and exemplary damages against the officers for their alleged constitutional violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Pl.'s Compl. ¶¶ 53, 56, 78). Officers Kennard and Tinajero originally answered Plaintiff's Complaint on June 10, 2010, denying Weathered's allegations and asserting the affirmative defense of qualified immunity (doc. 7, 9). On December 29, 2010, they filed an Unopposed Motion for a Reply under Federal Rule of Civil Procedure 7(a) (doc. 20), which the Court subsequently granted,

directing Weathered to file his 7(a) Reply adressing the officers' immunity defense on or before February 11, 2011. To date, he has yet to file the Reply. On February 22, 2011, Officers Kennard and Tinajero filed the Rule 12(c) Motion for Judgment on the Pleadings presently before the Court, arguing that all of Plaintiffs' claims against them should be dismissed for failure to state a claim. (*See generally* Defs.' Rule 12(c) Mot.). Weathered has not filed a Response.

## II.

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Wright & Miller, Fed. Prac. & P. § 1367, at 509-10 (1990)). The standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & P. § 1368, at 591 (Supp. 2002)).

Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In analyzing whether a complaint fails to state a claim under Rule 12(b)(6), the Court

"accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not wurvive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### III.

### ANALYSIS

A.  *Plaintiff's Fifth Amendment Claims*

Weathered generally claims that Officers Kennard and Tinajero violated rights guaranteed

him by the Fifth Amendment. (Pl.'s Compl. ¶¶ 53, 56, 78). The Fifth Amendment provides in pertinent part "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."[1] U.S. Const. amend. V. Officers Kennard and Tinajero argue that Weathered's Fifth Amendment assertions fail as a matter of law because the Fourth Amendment, not the Fifth Amendment, governs a claim for wrongful seizure of a person and because the Fifth Amendment only applies to fedearl actors, not state actors. The Court agrees that the Fifth Amendment only applies to federal actors and accordingly does not address the question of whether Weathered's claims are wholly subsumed by the Fourth Amendment. The Fifth Circuit's prohibition against deprivations of "life, liberty, or property, without due process of law" only apply to federal actors. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)). The Fourteenth Amendment is the constitutional provision that guarantees due process rights against state actors. *See id.* (citing *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). Here, Weathered makes no allegation that Dallas police officers Kennard and Tinajero were in fact federal actors. Accordingly, the Court finds that Weathered has failed to state a claim of a Fifth Amendment violation, and those claims are **DISMISSED**. Weathered's Fourteenth Amendment claims are discussed separately below.

B.  *Plaintiff's Eighth Amendment Claims*

Weathered also generally claims that Officers Kennard and Tinajero violated his Eighth Amendment rights. (Pl.'s Compl. ¶¶ 53, 56, 78). The officers move to dismiss these claims on the

---

[1]Weathered does not make any allegations that could possibly involve the Fifth Amendment's guarantees of indictment by a grand jury, just compensation for the taking of private property, freedom from double jeopardy, and freedom from self-incrimination. (*See generally* Pl.'s Compl.).

grounds that the Eighth Amendment guarantees against cruel and unusual punishment only applies to convicted prisoners. (Def.'s Rule 12(c) Mot. 6). Once again, the Court agrees with the officers. The protections of the Eighth Amendment only apply convicted prisoners, not to persons detained after arrest. *Morin*, 77 F.3d at 120. All of Weathered's allegations concern conduct occurring well before any conviction. Accordingly, the Court finds that Weathered has failed to state a claim upon which relief might be granted as to his Eighth Amendment claims as well.

C. *Plaintiff's Fourteenth Amendment Claims*

Weathered also alleges that the officers violated his Fourteenth Amendment due process rights. (Pl.'s Compl. ¶¶ 53, 56, 78). The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV. Officers Kennard and Tinajero argue that the Fourteenth Amendment is not the right standard for evaluating Plaintiff's excessive force claims, nor his false arrest and detention claims. (Defs.' Rule 12(c) Mot. 7-8). The Court agrees with the officers as to some of Weathered's claims, but not others.

The Supreme Court has held that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). This is because "the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct." *Id.*; *see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("*Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be

analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."). Thus, Weathered's excessive force claims stemming from his arrest are properly considered under the Fourth Amendment, not the Fourteenth Amendment. Weathered's claim for false arrest or detention also falls within the Fourth Amendment standard. *See Williams v. Kaufman County*, 352 F.3d 994, 1007 (5th Cir. 2003); *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As to Weathered's excessive force claims stemming from the booking process, however, such claims are properly analyzed under the Fourteenth Amendment. *See Stevens v. Corbell*, 832 F.2d 884, 889 & n.5 (5th Cir. 1987) (finding that Fourteenth Amendment governed excessive force claim arising out of booking process). Weathered's claims that would fall into this category include Officer Kennard's purported slamming Weathered's head into a counter, shelf, and wall at the Dallas Detoxification Center and both officers' grabbing him by his tightly handcuffed wrists and lifting him in the air. (*See* Pl.'s Compl. ¶¶ 19-20). While these claims survive dismissal at this time, for the reasons discussed below, dismissal may still be warranted based on Weathered's failure to file a Rule 7(a) Reply, and thus a ruling on the dismissal of these claims is **HELD IN ABEYANCE**.

With respect to Weathered's medical claims, the officers contend that the proper standard is one of "deliberate indifference." (Defs.' Rule 12(c) Mot. 9 ). The Court agrees. *See Hare v. City of Corinth*, 74 F.3d 633, 648-49 (5th Cir. 1996). Additionally, the Court has already accepted the Magistrate Judge's opinion that when "given the most sympathetic reading possible," Weathered "arguably has elucidated facts that would show that Officers Kennard and Tinajero acted with deliberate indifference to his medical needs when they deprived him of medical treatment for his injuries and his heart condition." (Nov. 3, 2010 Findings, Conclusions, and Recommendations 11-

12). The Court sees no reason to change its opinion at this time. Once again, however, the Court **HOLDS IN ABEYANCE** ruling on the officers' Motion because of Weathered's failure to file a Rule 7(a) Reply.[2]

    D.    *Plaintiff's Fourth Amendment Claims*

Finally, Weathered also asserts that Officers Kennard and violated his Fourth Amendment rights. (Pl.'s Compl. ¶¶ 53, 56, 78). The Fourth Amendment prohibits "unreasonable searches and seizures" made without "probable cause." U.S. Const. amend. IV. As discussed above, Weathered's claims that the officers used excessive force while arresting him fall under the Fourth Amendment's "reasonableness" standard. *See Graham*, 490 U.S. at 395. The only basis upon which Officers Kennard and Tinajero seek dismissal of Weathered's Fourth Amendment claims is his failure to file a Rule 7(a) Reply.

    E.    *Plaintiff's Failure to File a Rule 7(a) Reply*

While Weathered may have adequately pled the above Fourth and Fourteenth Amendment claims, those claims are still subject to dismissal on other grounds. Officers Kennard and Tinajero raised certain qualified immunity defenses in their Answers to Weathered's Complaint. (*See* Def. Kennard's Ans. ¶ 2.6; Def. Tinajero's Ans. ¶ 2.6). On December 29, 2010, they filed an Unopposed Motion for a Reply Under Federal Rule of Civil Procedure 7(a) (doc. 20), seeking a reply from Weathered to the specific factual allegations raised in support of their immunity defenses in their

---

[2] The statutory framework through which Weathered seeks damages against the officers is 42 U.S.C. §§ 1981 & 1983. (Pl.'s Compl. ¶ 43). While Weathered's § 1983 claims are dealt with in the context of the alleged constitutional violations discussed above, as to his § 1981 claims, Weathered cannot bring claims of excessive force under that statute. *See Stumpf v. City of Waxahachie*, No. 3:04-CV-946-M, 2004 WL 2413306, at *3 (N.D. Tex. Oct. 26, 2004). Accordingly, Weathered's § 1981 claims for excessive force are **DISMISSED** as well.

answers. The Court granted the Motion (doc. 21) on January 6, 2011, directing Weathered to file a Rule 7(a) Reply by February 11th. To date, he has failed to do so.

When a public official asserts a qualified immunity defense, a district court may require the plaintiff to file a Rule 7(a) reply tailored to that defense. *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995). If the plaintiff does not provide the required detail to overcome the qualified immunity defense, the court must dismiss the complaint. *See Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Furthermore, where, as here, a court directs a plaintiff to file a Rule 7(a) Reply and the plaintiff fails to do so, such conduct warrants the dismissal of the plaintiff's claims against the party raising an immunity defense. *Bryant v. Lubbock Indep. Sch. Dist.*, No.: 5:04-CV-083-C, 2004 WL 884471, at *6 (N.D. Tex. Apr. 26, 2004) (citing *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)); *see also* FED. R. CIV. P. 41(b) ("If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.") .

Before dismissing Weathered's remaining Fourth and Fourteenth Amendment claims on the basis of Weathered's failure to file a Rule 7(a) Reply, the Court wishes to give him one file opportunity to respond to Defendants' qualified immunity defenses. Accordingly, the Court **HOLDS IN ABEYANCE** consideration of Defendants' Motion for Judgment on the Pleadings with respect to these claims. Weathered is **DIRECTED** to file his Rule 7(a) Reply **on or before Monday, April 25, 2011**.

### IV.

### CONCLUSION

Defendants Jeffrey Kennard and Jorge Tinajero's Rule 12(c) Motion for Judgement on the

Pleadings is **GRANTED in part and HELD IN ABEYANCE in part**. The officers' Motion is **GRANTED** with respect to Weathered's Fifth Amendment and Eighth Amendment claims. The officers' Motion is **HELD IN ABEYANCE** with respect to his Fourth and Fourteenth Amendment claims. The Court gives Weathered one final opportunity to file his Rule 7(a) Reply by April 25, 2011. Failure to do so will result in dismissal of all remaining claims against Officers Kennard and Tinajero. Since Weathered has also failed to amend his Complaint to properly plead his claims against Defendants Dallas County and the City of Dallas, once dismissal is granted as to Officers Kennard and Tinajero, a final judgment will issue.

    SO ORDERED.

    DATED April 8, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE